## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  Crystal Puriefoy-Davis aka Crystal Puriefoy aka Crystal Davis <br> <div align="center">Debtor</div> | CHAPTER 13 |
| Specialized Loan Servicing LLC, as servicer for U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee successor by merger to LaSalle Bank National Association as Trustee as successor by merger to LaSalle Bank National Association as Trust 2005-A, Mortgage Loan Pass-Through Certificates, Series 2005-A <br> <div align="center">Movant</div> | NO. 20-12657 MDC <br><br><br> 11 U.S.C. Section 362 |
| vs. | |
| Crystal Puriefoy-Davis aka Crystal Puriefoy aka Crystal Davis <br> <div align="center">Debtor</div> | |
| William C. Miller, Esquire <br> <div align="center">Trustee</div> | |

### **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,268.97** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2020 to January 2021 at $745.99/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$3,298.97** |

2.      The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$3,298.97.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$3,298.97** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.       Beginning with the payment due February 1, 2021 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $745.99  (or as

adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with

late charges being assessed after the 15th of the month).

4.      Should Debtor provide sufficient proof of payments made, but not credited (front &

back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.      In the event the payments under Section 3 above are not tendered pursuant to the

terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing

and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor

should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default

with the Court and the Court shall enter an Order granting Movant immediate relief from the

automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.      If the case is converted to Chapter 7, Movant shall file a Certification of Default

with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this

agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by Movant of its right to

seek reimbursement of any amounts not included in this stipulation, including fees and costs, due

under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.


Date:    January 12, 2021                          By: */s/ Rebecca A. Solarz, Esquire*
                                                   Attorney for Movant



Date:  *January 18, 2021*                           */s/ David M. Offen, Esquire,*
                                                   David M. Offen, Esquire
                                                   Attorney for Debtor

No Objection -

Without   Prejudice  to Any Trustee Rights  or Remedies

Date: _____
        January 24, 2021

/s/ LeeAne O. Huggins
_____

William C. Miller, Esquire

Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2021.  However, the court
retains discretion regarding entry of any further order.


_____

Bankruptcy Judge

Magdeline D. Coleman